UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RICKIE M.K.[1],

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

CASE NO. 2:19-CV-393-MGG

**OPINION AND ORDER**

Plaintiff seeks judicial review of the Social Security Commissioner's decision dated September 21, 2018, denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 423(d)(1)(A). This Court may enter a ruling in this matter based on parties' consent pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g). For the reasons discussed below, the Court **AFFIRMS** the Commissioner's decision.

**I.    OVERVIEW OF THE CASE**

    **A.    Procedural History**

This matter concerns Plaintiff's application for DIB benefits filed on January 20, 2016, alleging that disability began on December 18, 2015. On September 21, 2018, an Administrative Law Judge ("ALJ") denied Plaintiff's application for benefits finding that she was not disabled under the Act. Plaintiff requested review of the ALJ's decision

---

[1] To protect privacy interests, and consistent with the recommendation of the Judicial Conference, the Court refers to the plaintiff by first name, middle initial, and last initial only.

by the Appeals Council, which denied Plaintiff's request on August 15, 2019. As a result, the ALJ's September 2018 decision is the final decision of the Commissioner. Plaintiff timely sought judicial review of the Commissioner's decision from this Court when she filed her complaint on October 11, 2019. Plaintiff then filed her brief in support of her appeal on May 15, 2020, to which the Commissioner responded on June 26, 2020. Plaintiff filed no reply brief.

### B. The ALJ's Findings

Plaintiff, a college graduate with a master's degree in business and finance, who was 57 years old on the applicable onset date, worked most recently as a bank manager. In finding that Plaintiff was not disabled under the Act, the ALJ conducted the five-step inquiry established in 20 C.F.R. § 404.1520. The ALJ identified Plaintiff's benign brain tumor, carpal tunnel syndrome, lumbar degenerative disc disease, and obesity as severe impairments at Step Two. The ALJ also acknowledged that Plaintiff suffered from other impairments including asthma, depression, diabetes, foot pain, glaucoma, sleep apnea, and tinnitus, but found these impairments to be non-severe as they did not "more than minimally interfere with the claimant's ability to perform basic work activities." [DE 10 at 12[2]]. At Step Three, the ALJ concluded that none of Plaintiff's severe impairments or combination of impairments met or medically equalled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then found that Plaintiff retains the residual functional capacity ("RFC") "to perform sedentary work as defined

---

[2] References to the Administrative Record in this Opinion and Order are made to the black, bold-faced numeral in the bottom, right-hand corner of each page.

in 20 C.F.R. § 404.1567(a) except she can frequently handle and finger with both hands."

[DE 10 at 15]. However, the ALJ also limited Plaintiff's RFC as follows:

> She can occasionally climb ramps and stairs, as well as occasionally balance, stoop, kneel, and crouch. She can never climb ladders, ropes, or scaffolds, never crawl, never work at unprotected heights, never [work] around moving mechanical parts, and never operate a motor vehicle for work. She is limited to working environments that have no more than a moderate noise level. She must use a medically necessary cane at all times while walking.

[*Id.*]. Absent from the RFC is any requirement that Plaintiff must frequently alternate between sitting and standing positions, which Plaintiff alleged was necessary throughout the day. Notably, the vocational expert testified that alternating between sitting and standing positions for one to two minutes every sixty minutes would preclude Plaintiff from performing her past relevant work as a bank manager. Nevertheless, the ALJ determined at Step Four that Plaintiff could perform her past relevant work. As such, the ALJ found that Plaintiff was not disabled under the Act.

## II. ANALYSIS

This Court has the authority to review disability decisions by the Commissioner in a limited way pursuant to 42 U.S.C. § 405(g). *See Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The Court must uphold the ALJ's decision so long as it is supported by substantial evidence. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014) (citing *Similia v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009)). The Court's deference to the ALJ's decision is lessened where the ALJ's findings contain errors of fact or logic or fail to apply the correct legal standard. *Schomas v. Colvin*, 732 F.3d 702, 709 (7th Cir. 2013). Additionally,

3

an ALJ's decision cannot stand if it lacks evidentiary support or inadequately discusses the relevant issues. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

At a minimum, an ALJ must articulate his analysis of the record to allow the reviewing court to trace the path of his reasoning and to be assured the ALJ has considered the important evidence in the record. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). While the ALJ need not specifically address every piece of evidence in the record to present the requisite "logical bridge" from the evidence to his conclusions, the ALJ must at least provide a glimpse into the reasoning behind his analysis and the decision to deny benefits. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *see also Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).

Thus, the question upon judicial review is not whether the claimant is, in fact, disabled, but whether the ALJ used "the correct legal standards and the decision [was] supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2007). When reviewing the Commissioner's findings under Section 405(g), the court cannot reconsider facts, reweigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Thus, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan,* 985 F.2d 334, 336 (7th Cir. 1993). If, however, an error of law is committed by the Commissioner, then the "court must reverse the decision regardless of the volume of evidence supporting the factual findings." *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). Finally, where it is clear the ALJ's decision

would not be overturned by remanding the issue for further consideration, the doctrine of harmless error applies to prevent remand. *Keys v. Barnhart*, 347 F.3d 990, 994-95 (7th Cir. 2003).

Here, Plaintiff contends that the ALJ's determination that she is not disabled is based on an error of law and is not supported by substantial evidence. Specifically, Plaintiff challenges the ALJ's RFC determination on the sole issue of whether the ALJ properly evaluated and incorporated limitations as to her alleged need to alternate between sitting and standing throughout the day due to lower back pain. A claimant's RFC is the most activity in which she can engage in a work setting despite the physical and mental limitations that arise from her impairments and related symptoms. 20 C.F.R. § 404.1545(a)(1). The RFC is an administrative finding regarding a claimant's ability to perform work-related activities on a regular and continuing basis; it is not a medical opinion. SSR 96-8p, 1996 WL 374184, at *2; *see also Marner v. Berryhill*, No. 1:17-CV-113-WCL, 2018 WL 360332, at *5 (N.D. Ind. Jan. 11, 2018). An ALJ assesses a claimant's RFC based on all the relevant evidence in the record at the time of her decision, including objective medical evidence, medical source opinions and observations, and a claimant's own statements about her limitations. 20 C.F.R. § 404.1545(a). The claimant bears the burden of providing evidence establishing the degree to which her impairments limit her functional capacity. *See* 20 C.F.R. §§ 404.1512(a), 404.1545(a)(3).

Here, Plaintiff argues that by not accounting for her need to alternate between standing and sitting in the RFC, the ALJ erred as a matter of law by failing to properly apply Social Security Ruling ("SSR") 16-3p, "Evaluation of Symptoms in Disability

5

Claims." Plaintiff also contends that the ALJ failed to consider objective evidence in support of her need to alternate positions and cited some evidence erroneously such that his RFC determination is not supported by substantial evidence. [DE 20 at 6]. Lastly, Plaintiff maintains that the ALJ failed to explain why the RFC lacks any reference to alternating positions when signs and medical findings in the record corroborate the need.

Under SSR 16-3p, if a claimant alleges impairment-related symptoms, such as pain, those symptoms must be evaluated by the ALJ using a two-step process. SSR 16-3p; *see also* 20 C.F.R. § 404.1529(a). Once the ALJ finds the existence of a medically determinable impairment that could reasonably be expected to produce the alleged symptoms, he must evaluate the intensity and persistence of those symptoms to determine the extent to which they impede the claimant's ability to perform work-related tasks. SSR 16-3p; *see also* 20 C.F.R. § 404.1529(c)(1). When considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ must "examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p.

In confronting the RFC analysis, Plaintiff does not dispute that the ALJ discussed evidence in the record related to her lumbar degenerative disc disease as well as her testimony that her back pain requires her to alternate between sitting, standing, and walking during the day. Indeed, the ALJ explicitly referenced Plaintiff's hearing

testimony about her need to alternate positions demonstrating that he did not ignore her alleged limitation. [DE 10 at 16]. Moreover, the ALJ devoted an entire paragraph to discussion of record evidence related to her lumbar degenerative disc disease. [*Id.*]. In that paragraph, the ALJ cited records from her primary care provider, her back surgeon, her sleep doctor, and her neurologist from August 2015 through April 2017 as well as reports from her two consultative examinations in April 2016. The ALJ noted—and documented—Plaintiff's history of normal musculoskeletal examinations, including normal range of motion; that she walked with a cane, had an abnormal gait at times, and performed household chores slowly. The ALJ then mentioned Plaintiff's normal spinal curvature, a normal gait, and full range of motion as reported by the consultative examiner, Dr. Jao. The ALJ also cited additional records showing a normal gait and no lumbar spine tenderness; MRI results confirming degenerative spondylolisthesis but described as stable; and Plaintiff's July 2016 back surgery to address a disc bulge and nerve root compression. Lastly, the ALJ referenced Plaintiff's alleged numbness in her leg despite normal musculoskeletal examinations.

Yet Plaintiff remains concerned that the ALJ failed to consider particular objective evidence in support of her alleged symptoms. First, Plaintiff directs the Court's attention to Dr. Jao's consultative examination report assessing her gait as "grossly normal but wide-based," her inability to heel to toe walk, and her difficulty standing from a sitting position. [DE 20 at 6 (citing DE 10 at 800)]. Although the ALJ did not expressly mention Plaintiff's wide-based gait in his decision, he did explicitly acknowledge notations in the record that Plaintiff occasionally had an abnormal gait.

7

[DE 10 at 16]. Moreover, the ALJ signalled his consideration of the totality of Dr. Jao's report by citing to the same page Plaintiff now cites. Thus, even though the ALJ did not explicitly mention every detail in Dr. Jao's report, he did not eschew an entire line of evidence that was purportedly inconsistent with his ruling, especially in light of the fact that Plaintiff's gait was described as being "grossly normal" in the same exam report. *See* *Terry v. Astrue,* 580 F.3d 471, 477 (7th Cir. 2009); *see also O'Connor-Spinner*, 627 F.3d at 618.

Second, Plaintiff suggests that, although her spinal surgery addressed issues that she experienced at the L4-L5 level, her June 2016 spinal MRI revealed spinal issues at other levels that the ALJ inappropriately omitted. Plaintiff is correct that it may stand to reason that a "repair at one level would have no effect on the problems at the other levels" [DE 20 at 8]. Once again, however, Plaintiff's argument is misplaced, as the ALJ clearly cited to reviews of the June 2016 MRI by her back surgeon, a sleep doctor, and a neurologist. [*See* DE 10 at 16 (citing DE 10 at 855–57; 1103–04; and 1264–65)]. Thus, the ALJ reviewed the results of the MRI in assessing Plaintiff's RFC. Moreover, Plaintiff's own doctor recognized the other spinal issues, but determined that Plaintiff's issues stemmed from the L4-L5 level and performed surgery there. Furthermore, Plaintiff has not cited any evidence indicating that her alleged need to alternate between sitting and standing is related to those untreated areas of her spine. Accordingly, Plaintiff has not shown that the ALJ ignored a contrary line of evidence. *See Terry,* 580 F.3d at 477.

Finally, Plaintiff contends that the ALJ improperly ignored medical evidence of claims of tenderness in the lumbar paraspinal muscles while clearly noting references to

no lumbar spine tenderness. In support, Plaintiff cites progress notes from approximately five office visits to her primary care provider, Dr. Vyas, from February 2016 through September 2017. [DE 20 at 7 (citing DE 10 at 563–64; 808–09; 820–21; 830–31; 1000; 1471)]. Dr. Vyas's notes consistently report "[t]enderness . . . in the cervical and lumbar paraspinal muscles" in his motor exam or gait, coordination, and reflexes notes. Plaintiff's argument here is similarly weak because Dr. Vyas's notes simply demonstrate that she experiences lower back pain, a fact the ALJ readily recognized in his decision. The ALJ's also accounts for the fact that Plaintiff's back pain limits her capacity to work. In fact, the ALJ attributed Plaintiff's postural limitations restricting her sedentary work to her degenerative disc disease. [DE 10 at 17]. Thus, Dr. Vyas's notes about paraspinal tenderness do not appear to "reveal any substantially different information about [Plaintiff's] back problems." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021). Accordingly, Plaintiff has not established that the ALJ's omission was an error of law or would have changed his assessment of Plaintiff's RFC.

In sum, Plaintiff has not shown that the ALJ omitted any contrary evidence or otherwise failed to consider the entire record of evidence when he crafted an RFC that does not reference Plaintiff's reported need to alternate positions. As such, the ALJ committed no legal error in his RFC analysis and supported his decision that found Plaintiff not disabled under the Act with substantial evidence. Moreover, this Court does not have the authority to reweigh the evidence in the record to resolve conflicts differently than the Commissioner, whose ALJ had the benefit of observing Plaintiff

9

firsthand. *See Edwards* 985 F.2d at 336. Accordingly, the ALJ's decision is entitled to deference. *See Thomas,* 745 F.3d at 806.

### III. CONCLUSION

For the reasons stated above, the Commissioner's decision is **AFFIRMED**. The Clerk is instructed to enter judgement in favor of the Commissioner.

**SO ORDERED** this 14th day of July 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge